Lehman E. ANDERSON, Appellant,

v.

**VIKING PUMP DIVISION, HOUDAILLE INDUSTRIES, INC., Appellee.**

No. 76–1103.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1976.

Decided Dec. 6, 1976.

1128

Michael S. McMurry, Ankeny, Iowa, for appellant.

William W. McKinley, Cedar Falls, Iowa, for appellee.

Before GIBSON, Chief Judge, and HEANEY and HENLEY, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Anderson was employed as an engineer by the Viking Pump Company from August, 1966 until May 3, 1974. In April, 1974, Anderson was offered a $720 raise that would increase his yearly salary to $14,700. Anderson had previously voiced displeasure with his salary to Anthony B. Wagner, his supervisor, on a number of occasions and in a discussion on May 3 Anderson expressed dissatisfaction with the $720 figure and told Wagner that he would quit unless he was given a $1,400 raise. Upon Wagner's refusal to accede to his demand for an additional $1,400 per year, Anderson submitted his resignation. Approximately 90 minutes later, Anderson changed his mind and requested reinstatement without the $1,400 raise. Wagner refused to reinstate Anderson, stating that in light of Anderson's long-standing dissatisfaction with his salary, he did not think Anderson would be happy at Viking. Anderson alleged in his complaint that Wagner also stated that he did not want to rehire Anderson, then 57 years old, because he wanted to develop a younger engineering staff. In fact, Viking hired no replacement, young or old, to fill the position vacated by Anderson.

Approximately two weeks after leaving Viking, Anderson obtained new employment as an engineer at a starting salary of $16,500, which was $1,800 more per year than his previous salary at Viking. He subsequently brought suit against Viking under 29 U.S.C. § 621 *et seq.* (Supp. V, 1975), the Age Discrimination in Employment Act (ADEA), claiming that he had been fired, refused reinstatement and denied advancement because of his age.

Viking is an employer amenable to suit under the ADEA, 29 U.S.C. § 630(b). Viking moved for summary judgment, supporting its motion with affidavits denying that Wagner had made any statement to Anderson concerning the development of a younger staff and documenting Anderson's previous poor job performance, which was cited as the basis of the decision not to

rehire him. Anderson filed no affidavits in opposition to Viking's motion and affidavits. Viking's motion for summary judgment was granted by the trial court without a hearing. Anderson appeals.

Anderson contends that summary judgment was inappropriate in the present case because there was a factual conflict as to how he was released from Viking. Anderson admitted by deposition, however, that he had not been fired by Viking, but had resigned. Viking's unrefuted affidavits showed that Anderson was not rehired because of his previous below-average performance on the job and that his position was left unfilled for a substantial period of time. Thus, the facts pertaining to the termination of Anderson's employment at Viking were not in dispute. They established that Viking based its decision not to rehire on Anderson's previously poor performance, which constitutes "good cause" under the ADEA, 29 U.S.C. § 623(f)(3). Anderson failed to set forth specific facts showing that there was a genuine issue for trial, *Brennan v. Reynolds & Co.*, 367 F.Supp. 440 (N.D.Ill.1973), and the District Court's grant of Viking's motion for summary judgment was proper. Fed.R.Civ.P. 56; *see Cervantes v. Time, Inc.*, 464 F.2d 986 (8th Cir. 1972). While summary judgment is an extreme remedy and is to be granted only where the facts clearly demonstrate no genuine issue to be tried, the adverse party may not rest upon his pleadings but must set forth specific facts showing a genuine issue for trial. *Cervantes v. Time, Inc., supra* at 993. Summary judgment is a procedure which advances the salutary objective of avoiding useless, expensive and time-consuming trials where there is actually no genuine, factual issue remaining to be tried. *Lyons v. Board of Education*, 523 F.2d 340, 347 (8th Cir. 1975).

Anderson also urges that the District Court erred in granting Viking's motion for summary judgment without a hearing. This contention may be disposed of very simply by stating that Anderson's failure to request such a hearing from the trial court forecloses him from raising this point for the first time on appeal. Moreover, Rule 56 does not require that the grant of summary judgment be preceded by a hearing.

The judgment of the District Court is affirmed.