**Venita STOVALL, Appellant,**

v.

**CITY OF ST. LOUIS BOARD OF EDUCATION, Appellee.**

**No. 79–1356.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 7, 1979.

Decided Feb. 14, 1980.

Rehearing and Rehearing En Banc Denied March 11, 1980.

Lisa S. VanAmburg, Anderson, Everett, Sedey & VanAmburg, St. Louis, Mo., for appellant.

Mark D. Mittleman, St. Louis, Mo. (argued), Thomas E. Tueth, and Lashly, Caruthers, Thies, Rava & Hamel, St. Louis, Mo., on brief, for appellee.

Before GIBSON, Chief Judge,* and STEPHENSON and HENLEY, Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.*

Plaintiff, Venita Stovall, appeals from the District Court's [1] order granting defendant's motion for summary judgment and dismissing with prejudice her complaint charging sex and race discrimination. We affirm.

On April 26, 1978, Stovall filed her complaint against the Board of Education of the City of St. Louis (hereinafter Board) alleging that it had discriminated against her on the basis of her sex and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1976). She charged that the Board had maintained sex-segregated job classifications which resulted in excluding her from eligibility for the position of elementary school principal, and that it had assigned her to certain school districts on the basis of her race. Stovall is black.

The Board moved for summary judgment on the basis that the alleged discriminatory acts had occurred prior to March 24, 1972, the date upon which the Board became subject to the proscriptions of Title VII. Pub.L. 92–261, § 2(1), 86 Stat. 103 (codified at 42 U.S.C. § 2000e(a) (1976)). Stovall opposed summary judgment, claiming that she had continued to seek promotion to the position of principal after March 24, 1972; that the Board's failure to place her on the eligibility list for promotion constituted a continuing act of discrimination; and that the Board's failure to reassign her to a district where her chances for promotion would have been better constituted a continuing act of race discrimination. The District Court, in an unpublished memorandum opinion, found that Stovall's factual allegations possibly raising the issue of discriminatory conduct occurred prior to March 24, 1972, and therefore have no present legal consequences. *Farris v. Board of Education of City of St. Louis,* 576 F.2d 765 (8th Cir. 1978).

Stovall taught in the schools of the Board from September 1960 to August 1972, when she left to teach in an overseas dependent school in Germany pursuant to her request for a personal leave of absence that the acting superintendent of schools had granted May 17, 1972. She thereafter applied for and received subsequent leaves of absence

---

* The Honorable Floyd R. Gibson was chief judge of the Eighth Circuit at the time this case was submitted, but took senior status before the opinion was filed.

1. The Honorable James H. Meredith, United States Senior District Judge, Eastern District of Missouri.

for the school years 1973–74 and 1974–75. She formally resigned in June 1975, without having returned to work in the St. Louis School District.

Stovall first inquired about applying for the position of elementary school principal[2] in 1967. She received a list of the requirements for eligibility, and in July 1970 had satisfied all the prerequisites except the requirement that she procure a letter of recommendation from a district superintendent or district assistant superintendent.

In September 1970, she met with Charles Brasfield, the new district superintendent, who is black, to solicit his recommendation. He responded that he would inquire about her capabilities and then observe her teaching in order to form a basis for a recommendation. Stovall learned in July 1971 that Brasfield had not yet checked her qualifications. She protested the delay to the acting superintendent of schools, who stated that he would challenge Brasfield on the matter. In August 1971, Stovall again met with Brasfield, at which time he informed her that all principal positions for the upcoming school year had been filled, but that he still intended to check her qualifications. The same month Stovall spoke to Benjamin Price, the superintendent of a different district, who is also black. Stovall stated that she wished to be considered for the position of principal on a city-wide basis, and sought his recommendation. Price informed her that he would not recommend her because if he did they would ask him if he would hire her and he would not hire a woman. Stovall next met with Brasfield in December 1971. He told her that she had a personality problem and had not been performing well as an administrative assistant. Stovall challenged this evaluation, and Brasfield offered to arrange a meeting to clear up the accusations. In January 1972, when Stovall presented Brasfield with statements signed by her co-workers denying that they had any problems working with her, he dismissed the statements, stat-

ing that he would arrange a meeting. Subsequently, Stovall telephoned Brasfield several times to inquire about the meeting. Their final conversation took place on May 17, 1972. Brasfield again promised that he would meet with her to discuss the matter but, on that same date, the acting superintendent of schools granted Stovall's request for a leave of absence. The meeting was never arranged and Stovall left to teach in Germany.

Summary judgment is appropriate where the record discloses no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Thompson v. Sun Oil Company*, 523 F.2d 647, 649 (8th Cir. 1975). The standards applicable to the summary judgment procedure are well established. The facts must be viewed in the light most favorable to the party opposing the motion, but where the moving party has met its initial burden of establishing the absence of a genuine issue concerning any material fact, summary judgment is appropriate unless the opposing party produces evidence in contravention. *See Adickes v. Kress & Co.*, 398 U.S. 144, 158–60, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970); *Roberts v. Browning*, 610 F.2d 528, 531–532 (8th Cir. 1979); *Lyons v. Board of Education of Charleston Reorganized School District No. 1 of Mississippi County, Missouri*, 523 F.2d 340, 346–47 (8th Cir. 1975); Fed.R.Civ.P. 56.

The only reasonable inference to be drawn from the allegations of the complaint and the affidavits and answers to interrogatories before the court is that the reason Stovall was not considered for the position of principal in the years 1973–74 and 1974–75 was that she was thought to be unavailable due to her leave of absence. Stovall made no showing to contravene this conclusion. With respect to her application for the 1972–73 term, the only action by the school board directed toward Stovall taken after it became subject to the provisions of

---

**2.** Vacancies in the elementary principal position generally occurred at the beginning of a school year and were filled from persons on an unranked eligibility list upon recommendation of a district superintendent and approval by the superintendent of schools, accompanied by a final approval by the school board.

Title VII was the telephone conversation Brasfield had with Stovall after she called him on May 17, 1972, requesting a meeting. This call related simply to the issue of whether Stovall had a personality problem. Brasfield said he would talk with Stovall's principal and arrange a meeting. This by itself cannot form the basis for a claim of sex discrimination. That same day Stovall was granted her requested leave of absence. She was no longer considered available for work or promotion in the St. Louis school system.

No reasonable inferences support the charge that the school board discriminated against Stovall on the basis of her sex or her race after it became subject to the provisions of Title VII; summary judgment was appropriate.

Judgment affirmed.