**ISA FRETT, Plaintiff**

v.

**MARSHALL, INC. d/b/a MARSHALL'S DEPARTMENT STORE, ALFRED MARSHALL, Defendants**

Civil No. 735/81

**LUELLA FARRINGTON, Plaintiff**

v.

**MARSHALL, INC., d/b/a MARSHALL'S DEPARTMENT STORE, ALFRED MARSHALL, Defendants**

Civil No. 734/81

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 24, 1983

STEDMANN HODGE, ESQ., St. Thomas, V.I., *for plaintiffs*

HENRY V. CARR, III, St. Thomas, V.I., *for defendants*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

In these actions for unlawful employment discrimination based on sex, the defendant Marshall, Inc., commonly known as Marshall's Department Store, has moved for summary judgment. The plaintiffs, Isa Frett and Luella Farrington, oppose the motion contending that genuine issues of material fact remain as to whether there was a discriminatory purpose on Marshall's part in firing the plaintiffs.

■ The court is aware that summary judgment is perhaps particularly inappropriate in employment discrimination cases because such cases necessarily involve examining motive and intent. Consequently, summary judgment should be used cautiously in such cases. Moreover, in considering a motion for summary judgment, this court is precluded from adjudicating factual issues and must determine whether or not there is an issue of fact to be tried.

■ Cognizant of the nature of the plaintiff's claims, the court has attempted to strictly adhere to the procedural requirements that must be met before granting summary judgment. However, even in employment discrimination cases, summary judgment will be granted, if appropriate. Oaks v. City of Fairhope, Ala., 515 F.Supp. 1004 (S.D. Ala. 1981). The fact that the party opposing summary judgment vigorously disputes the legal conclusions to be drawn from the facts presented by the movant is no bar to granting summary judgment. Anderson v. Viking Pump Div., Houdaille Industries, 545 F.2d 1127 (8th Cir.). Here, the court finds that the material facts fail to establish a case of unlawful employment discrimination based on sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and will grant summary judgment to the defendants.

### FACTS

The relevant and uncontroverted facts are that in October of 1977, the plaintiffs were hired by Marshall's to work as pricing clerks in the distribution center or the warehouse. The distribution center is the central location for all of Marshall's merchandise before distribution to two department stores on St. Thomas. Subsequent to the hiring of the plaintiffs, Marshall's instituted a policy that was

designed to prevent employee pilferage from the warehouse, and a memorandum dated November 27, 1979, was issued to all of Marshall's employees concerning the location of employees' personal belongings. The memorandum, in pertinent part, stated, "Food, personal belongings, etc., will not be allowed at D.C. [Distribution Center]. All personal belongings are to be stored in the designated area assigned." This policy had no application to money and other types of valuables, nor did it require employees to remove wallets or small change purses from their persons.

The policy, however, was not implemented until April 2, 1980. On that date the defendant's Manager Jerome LaPlace saw the plaintiffs with their handbags and asked them to remove the handbags from the area. Defendants say that the plaintiffs were offered the use of an office to store their bags, but the plaintiffs dispute this. Regardless, when the plaintiffs refused to cooperate they were discharged for insubordination. The plaintiffs, who had been considered as "top class" employees before their termination, were replaced by two females.

Isa Frett contends that she did not know of the policy while Luella Farrington contends that the policy was not in effect. The defendants dispute these assertions, relying on the December 9, 1981, deposition of plaintiff Farrington when she stated that she read the company's memorandum and was certain that plaintiff Frett also read the memorandum because it was distributed to all of the employees. Whether the plaintiffs knew of the policy or were fired without proper notice of the policy is not the issue before the court. Nor is the question whether the plaintiffs were improperly fired. It is solely whether they were fired as a result of unlawful sex discrimination.[1]

On the issue of unlawful discrimination, the defendant has submitted affidavits from two male employees at Marshall's warehouse as well as an affidavit from the Vice-President of Marshall, Inc., to support the conclusion that the company policy was enforced against Marshall's male employees to the same extent that it was against the plaintiffs. Plaintiffs' counsel, however, asserts that no male employees were requested to remove their personal belongings from the warehouse, and that no male employees were terminated. The

[1] Plaintiffs also now allege that they were terminated because they were involved in organizing an employee's union. This issue was not raised in the pleadings and has not been submitted to the Department of Labor. See 24 V.I.C. § 61 et seq. (1970 ed.). Accordingly, since there has been no exhaustion of administrative remedies on this issue, the court does not consider that claim.

claim that the male employees were not told to remove their personal belongings is directly contradicted by Adolpheus Mathews, another Marshall's employee. He says, "All the male employees in the warehouse, including myself, were told by Manager Jerome LaPlace that Mr. Marshall did not want any employee to bring his personal belongings into the warehouse."[2]

■ Although the court has flexibility with regard to evidence that may be considered in deciding a summary judgment motion, C. Wright & A. Miller, Federal Practice and Procedure § 2721 (1978), that flexibility is not so great as to allow the court to consider representations of counsel when they are countered by sworn testimony as here. See Pritz v. Hackett, 440 F.Supp. 592 (D. Wis. 1977). In addition Rule 56(e), Fed. R. Civ. P., directs that a party opposing a properly supported motion for summary judgment, "may not rest upon the mere allegations or denials of his pleading, but his response by affidavits . . . or otherwise . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

## SEX DISCRIMINATION

There are two theories that the plaintiffs may rely on to establish a case of unlawful employment discrimination based on sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.: (1) disparate impact, see, e.g., Griggs v. Duke Power Co., 401 U.S. 424 (1971) or (2) disparate treatment, see, e.g., McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The plaintiffs have chosen to proceed under the disparate treatment theory.

■■ In order to establish a prima facie case of sex discrimination based on disparate treatment under Title VII, the plaintiffs have the burden of establishing (1) that they are members of a protected class; (2) that they were qualified for the jobs from which they were discharged; and (3) that they were discharged under circumstances giving rise to an inference of unlawful discrimination. See Furnco Construction v. Waters, 438 U.S. 567 (1978), and McDonnell Douglas Corp. v. Green, 411 U.S. at 802. The burden of

---

[2] An affidavit submitted to the Department of Labor by still another Marshall's employee, Stanley Dowdy, which is relied on by the plaintiffs, supports the statement of Mr. Mathews. Mr. Dowdy said not only that he received the memorandum with respect to the placement of personal belongings, but that he heard "Mr. LaPlace say on occasions that no bags are allowed in the warehouse."

persuasion as to the fact of discrimination remains with the plaintiff. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

The plaintiffs, however, have not put forth anything to contravene the material facts set forth by defendants. The facts just do not provide a basis for establishing a prima facie case of unlawful discrimination based on sex under the theory of disparate treatment. Nor do the facts cause the court to infer a sex based discriminatory motive, or that the stated reason for the dismissals was a mere pretext for an underlying, unlawful discriminatory basis.[3] In support of their claim of disparate treatment, the plaintiffs allege that the defendant's policy concerning the location of employees' personal belongings was enforced against the plaintiffs but not the male employees. The affidavits submitted by defendants, though, as well as the affidavit of Mr. Dowdy, n.2, supra, clearly contravene this assertion. In addition, the policy expressed in the memorandum is neutral on its face, speaking in terms of "personal belongings." Its motivation, to safeguard against pilferage, certainly is permissible. Whether justified or not, the reason given for the dismissal was a failure of the plaintiffs to remove their handbags from the warehouse area, a reason that on its face also is clearly nondiscriminatory.

Consequently, the plaintiffs have failed to adduce sufficient facts to cause this court to infer a discriminatory intent on the part of the defendants. To the contrary, the Department of Labor on February 16, 1982 made a determination of no probable cause to establish a case of employment discrimination based on sex. In addition, both plaintiffs previously had been considered "top class" employees, and they were replaced by two female employees.[4] The court, thus, is compelled to conclude that the defendants have set forth sufficient facts to indicate that the objective of the defendant's employment

---

[3] The Supreme Court in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1974), defined disparate treatment in an employment discrimination case.

> The employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin. Proof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment.

[4] Plaintiffs correctly rely on Vant Hul v. City of Dell Rapids, 462 F.Supp. 828 (S.D. S.D. 1978), for the proposition that replacement of a woman with a woman does not mean there could be no sex discrimination. What plaintiffs must show, though, is that if the plaintiffs had been men they would not have been treated in the same manner, and that the facts do not establish.

policy reflects a valid nondiscriminatory concern of the company, to protect the loss of its inventory, and that the policy was in no way motivated by improper discrimination based on sex.

■ There being no genuine issues of material fact to be resolved, summary judgment must be granted to the defendants. In so holding, the court again emphasizes that it is not passing on whether the plaintiffs were wrongfully terminated, but only that there is no basis for concluding that they were terminated because of their sex.

