UNITED STATES JAYCEES, a
non-profit Missouri corp.,
Appellee,

v.

CEDAR RAPIDS JAYCEES, a
non-profit Iowa corp.,
Appellant.

No. 84–1741.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 28, 1985.

Decided Feb. 15, 1985.

Rehearing and Rehearing En Banc
Denied March 14, 1985.

Thomas Pence, argued, Cedar Rapids, Iowa, Carl Schuetteplz and D.J. Smith, Cedar Rapids, Iowa, for appellant.

Carl D. Hall, Jr., Tulsa, Okl., for appellee.

Before LAY, Chief Judge, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

The Cedar Rapids Jaycees (CRJ) appeals the order of the district court[1] dated May 10, 1984, denying CRJ's motion to vacate an order dated March 6, 1984, in which the district court directed the entry of judgment in favor of plaintiff, the United States Jaycees (USJ), on its trademark infringement claim and on defendant CRJ's counterclaims. On the USJ's trademark infringement claim, the district court found that it was undisputed that the "Jaycees" trademark had become incontestable under 15 U.S.C. § 1065 (1982), and that the CRJ had asserted none of the permissible defenses under 15 U.S.C. § 1115(b) (1982). The court therefore concluded that the USJ was entitled to injunctive relief to prevent the further, unauthorized use of its trademark by the CRJ.

The district court also considered the CRJ's counterclaims which sought declaratory judgment of noninfringement of the USJ's trademark and a permanent injunction to prevent the USJ from engaging in further unfair or discriminatory practices, in violation of Iowa Code § 601A.7 (1981) and Cedar Rapids, Iowa Code, ch. 69, by restricting membership in its organization to men. The CRJ alleged that the USJ fell within the definition of "public accommodation" as that term is used in the aforementioned code provisions and defined in Iowa Code § 601A.2(10) (1981) and Cedar Rapids, Iowa, Code § 69.02(13) (1984). The district court rejected the CRJ's counterclaims and declined to certify to the Iowa Supreme Court the question of whether the USJ falls within the definition of "public accommodation," on the basis of our decision in *United States Jaycees v. McClure*, 709 F.2d 1560 (8th Cir.1983), *rev'd sub nom. Roberts v. United States Jaycees*, —— U.S. ——, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). In *McClure*, a panel of this court found that a Minnesota statute, which forbade discrimination on the basis of sex in "places of public accommodation," was invalid under the first and fourteenth amendments to the United States Constitution as applied to the membership policies of the USJ because there was not a compelling state interest sufficient to override the USJ's protected right of association. The district court below, in relying on *McClure*, found that although the statutory provision involved in the instant case differed slightly from the one at issue in *McClure*, the Iowa Code provision would likewise be invalid if invoked against the USJ, for the reasons discussed by the court in *McClure*. The district court reasoned that the associational interests of the USJ and the state's interest in regulating the USJ's membership policies would be the same in this case as they were in *McClure*. Thus, because

---

1. The Honorable Edward J. McManus, Chief United States District Judge for the Northern District of Iowa.

the associational interests of the USJ were found to outweigh the state's interests, the Iowa statute as applied to the USJ would be invalid.

We do not find fault with the district court's analysis as the law existed at the time of the decision. However, in light of the decision by the United States Supreme Court in *Roberts v. United States Jaycees,* — U.S. ——, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984), reversing the *McClure* decision, we vacate the district court's judgment below with the following instruction. The USJ is directed to certify to the district court within thirty days whether its August 16, 1984 resolution amending its by-laws to allow women full membership in the USJ places its revocation of the CRJ's license to use USJ's trademarks in a different light. If the USJ still wishes to enforce the revocation, it may renew its motion for summary judgment. Upon the USJ's renewal of its summary judgment motion, the district court must consider (1) whether the USJ is a public accommodation within the meaning of Iowa Code §§ 601A.2(10), .7; and (2) if the USJ is a public accommodation, whether the USJ's revocation is nonetheless valid. In any event, the district court on remand should reconsider its ruling on the CRJ's counterclaims in light of *Roberts.* In doing so, the court should take note of the USJ's argument made during this appeal that the district court lacks subject matter jurisdiction to consider the CRJ's counterclaims.

We offer no view as to the merits of any of the claims before the court, nor do we comment on the propriety of certification of any state law issues or the effect of the pending Iowa civil rights action on this litigation. These questions should be considered in the first instance by the district court. We therefore vacate the district court's judgments for plaintiff on its trademark infringement claim and on defendant's counterclaims, and remand the case for further proceedings consistent with this opinion.