**Paul K.R. POLITO and Cathy B. Polito, Plaintiffs,**

v.

**PERKINS RESTAURANTS, INC., Defendant.**

No. C 84–44.

United States District Court, N.D. Iowa, Cedar Rapids Division.

July 18, 1985.

F. Richard Lyford, Elaine Brown, Jon Sullivan, Des Moines, Iowa, for defendants.

Thomas Wertz, Cedar Rapids, Iowa, for plaintiffs.

McMANUS, District Judge.

This matter is before the court on defendant's resisted motion for summary judgment, filed February 1, 1985. Partial summary judgment for defendant.

In this action, plaintiffs Paul and Cathy Polito seek compensatory and punitive damages for alleged tortious interference with a business relationship, intentional infliction of emotional distress, negligent misrepresentation, fraud, and breach of contract. Jurisdiction is based upon diversity of citizenship and the requisite amount in controversy. 28 U.S.C. § 1332 (1976).

Mr. Polito was employed by defendant from November 28, 1982 until October 24, 1983. A letter dated November 16, 1982 and signed by defendant's regional manager confirms a November 8, 1982 conversation between Mr. Polito and defendant and extends an offer to have Mr. Polito become a general manager trainee in Cedar Rapids. The letter provides that the hours are to be flexible, the salary will be $730.00 biweekly, subject to home office approval, and Mr. Polito will be subject to a six month probationary period.

During the employment period, defendant demoted Mr. Polito twice, reduced his salary twice, and relocated him. Additionally, Mr. Polito contends that he was denied the opportunity to fill open positions for general manager after successfully completing the general manager trainee program. Mr. Polito resigned October 24, 1983 to take a job with another employer. On April 3, 1984, plaintiffs filed a complaint.

In count I of the complaint Mr. Polito contends that in inducing him to terminate his prior job at the Sheraton Inn defendant tortiously interfered with his business relationship with the Sheraton. Mr. Polito also

alleges that defendant is guilty of intentional infliction of emotional distress, negligent misrepresentation, and fraud because, at the time of his employ with defendant, defendant made material misrepresentations regarding his status and salary. Further, Mr. Polito argues that his demotions and salary reductions constituted breach of his oral contract of employment with defendant. In count II of the complaint Mrs. Polito alleges that she suffered damages and emotional distress as a proximate result of defendant's misrepresentations and actions toward her husband.

Defendant has moved for summary judgment pursuant to F.R.C.P. 56. Defendant argues that it is entitled to summary judgment on every claim asserted by plaintiffs. It is settled that summary judgment should not be entered unless the record indicates that there is no "genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c). It is a procedure which advances the salutary objective of avoiding useless, expensive and time-consuming trials where there is actually no genuine, factual issue remaining to be tried. *Anderson v. Viking Pump*, 545 F.2d 1127, 1129 (8th Cir.1976). Once a motion for summary judgment has been made and properly supported, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. *Burst v. Adolph Coors Co.*, 650 F.2d 930, 932 (8th Cir.1981). Where the moving party establishes the absence of any genuine issue of material fact and the opposing party submits no evidence in rebuttal, summary judgment is justified. *Stovall v. City of St. Louis*, 614 F.2d 619, 621 (8th Cir. 1980). As a matter of law, defendant in the present case is entitled to summary judgment on the claims of interference with a business relationship and intentional

infliction of emotional distress in count I and on all claims asserted in count II.

■■■ Interference with an existing contractual relationship between another and a third person requires knowledge of the relationship by the interferer, intentional interference preventing the other from performing the contract or causing the performance to be more burdensome, and resulting damages. *Westway Trading Corp. v. River Terminal Corp.*, 314 N.W.2d 398, 402–03 (Iowa 1982); *Restatement (Second) of Torts* § 766A (1965). In the instant case, Mr. Polito responded to defendant's open ad for employees in the newspaper and defendant merely persuaded Mr. Polito to resign from the Sheraton. Defendant is not alleged to have induced the Sheraton to end its employment of Mr. Polito or to have prevented Mr. Polito from continuing his employment with the Sheraton. Because Mr. Polito voluntarily terminated his employment with the Sheraton, he has no basis to assert a tort of interference with an existing contractual relationship. *See Fincke v. Phoenix Mutual Life Insurance Co.*, 448 F.Supp. 187, 190 & n. 1 (W.D.Pa. 1978).[1]

■■■ Mr. Polito's claim for intentional infliction of emotional distress must also fail. One of the elements of this claim is severe emotional distress. *See, e.g., Bethards v. Shivvers, Inc.*, 355 N.W.2d 39, 44 (Iowa 1984). As the Iowa Supreme Court has observed, it is for the court to determine in the first instance whether severe emotional distress can be found. Id. The evidence must show that " 'the distress inflicted is so severe that no reasonable man could be expected to endure it.' " Id. (quoting *Restatement (Second) of Torts* § 46 comment j (1965) ). Here, the record shows no genuine issue of material fact on the severe emotional distress element. Mr. Polito became depressed. The depression led to temporary marital discord, relief for which plaintiffs consulted family members. Addi-

---

1. In his deposition Mr. Polito contends that after he had begun working full-time for defendant, defendant wrongfully prevented him from returning to work part-time with the Sheraton.

Because a claim for intentional interference with the part-time employment contract was never pled, the court has not considered the issue.

tionally, Mr. Polito allegedly developed mistrust of people, especially employers, and lost his enthusiasm for the restaurant business. That evidence is simply insufficient to demonstrate severe distress. *See Bethards*, 355 N.W.2d at 44–45 (evidence plaintiffs lost sleep, were angry, "quivered," and worried whether others thought they owned "junk farm" insufficient to generate jury question); *Harsha v. State Savings Bank*, 346 N.W.2d 791, 801 (Iowa 1984) (evidence of being "downhearted" and "depressed" insufficient); *cf. Meyer v. Nottger*, 241 N.W.2d 911, 917–19 (Iowa 1976) (nausea, dyspnea, and acute myocardial ischemia sufficient); *Randu v. U.S. Homes, Inc.*, 325 N.W.2d 905, 908 (Iowa Ct.App.1984) (hospitalization with near nervous breakdown sufficient). Because the record fails to establish severe distress, it is unnecessary for the court to consider whether defendant's conduct was extreme and outrageous, a second element of the tort of intentional infliction of emotional distress. *See Roalson v. Chaney*, 334 N.W.2d 754, 756–57 (Iowa 1983).

In plaintiffs' complaint Mr. Polito also advanced the theory of negligent misrepresentation; however, that theory was later abandoned. Although plaintiffs' brief refers to a supplement to Mr. Polito's answer to interrogatory six, in which Mr. Polito would reassert the abandoned claim, the supplement was never filed. Consequently, summary judgment will be granted on the issue unless a supplement is filed by August 1, 1985.

■ Mr. Polito further alleges damages from fraud. He contends that he justifiably relied on defendant's material misrepresentations regarding his salary and future position as a general manager in surrendering his prior job and accepting employment with defendant. It is settled that a stated intention to do something in the future is actionable if it is made with the intention not to perform. *See, e.g., Grefe v. Ross*, 231 N.W.2d 863, 867 (Iowa 1975). The intent to deceive is shown if the speaker either had actual knowledge of the falsity of his representations or recklessly asserted false statements. Id. From the record it is unclear whether defendant engaged in fraud. A genuine issue of material fact therefore exists, and summary judgment is inappropriate on the fraud claim.

■ Finally, Mr. Polito argues that defendant breached the oral contract of employment. Mr. Polito states that the contract terms provided for advancement to the position of general manager following successful completion of the trainee program, a salary of $730.00 biweekly, and incentive programs. Mr. Polito claims that after successfully completing the trainee program he was demoted and his salary reduced in violation of the contract terms. In opposition, defendant argues that because Mr. Polito was a terminable at will employee he could be given the alternative of accepting modification of the contract or quitting and that his decision to continue working for defendant constituted acceptance of the contract changes. By contrast, Mr. Polito argues that his agreement to continue to work for defendant was contingent on defendant fulfilling its original promises in the near future; thus, time for fulfillment of the contract terms was merely delayed and when defendant failed to perform as promised, it breached the agreement.

The record discloses no clear-cut modification of the agreement that would invoke the general rule that by continuing to work the plaintiff accepted alteration in the contract as a matter of law. *See Janda v. Iowa Industrial Hydraulics, Inc.*, 326 N.W.2d 339, 349 (Iowa 1982). Thus, a genuine issue of material fact exists concerning the breach of contract claim. Accordingly, summary judgment on the issue is inappropriate.

■ In count II of the complaint Mrs. Polito claims that she has suffered emotional distress as a proximate result of defendant's fraudulent misrepresentations and breach of contract. Because Mrs. Polito was not a party to the employment contract, she cannot assert a claim for breach of contract. Similarly, Mrs. Polito's statement that she incurred damages in remain-

ing unemployed one month because defendant represented that Mr. Polito might be relocated fails to state a cause of action for fraud. Defendant did relocate Mr. Polito. Moreover, its representations were directed to Mr. Polito only. Finally, Mrs. Polito's claim for emotional distress lacks merit. The record shows no conduct by defendant toward Mrs. Polito that could reasonably be regarded as surpassing all possible bounds of decency, nor does it disclose sufficient evidence of severe emotional distress. *See Roalson,* 334 N.W.2d at 756–57. Defendant is therefore entitled to summary judgment on all claims in count II.[2]

It is therefore

ORDERED

1. Summary judgment in favor of the defendant granted on the claims of tortious interference with a business relationship and intentional infliction of emotional distress in count I and on all claims in count II.

2. Summary judgment in favor of the defendant granted on the claim of negligent misrepresentation in count I unless plaintiff files supplement to interrogatory six by August 1, 1985.

---

**2.** The loss of consortium claim argued in plaintiffs' brief is not considered because it was never pled.