**UNITED STATES JAYCEES, a non-profit Missouri corporation,**
**Plaintiff,**

v.

**CEDAR RAPIDS JAYCEES, a non-profit Iowa corporation,**
**Defendant.**

No. C 82–176.

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Aug. 1, 1985.

Wm. Meardon, Thos. D. Hobart, Iowa City, Iowa, Carl D. Hall, Jr., Tulsa, Okl., for plaintiff.

Thos. Pence, Carl Schuettpelz, D.J. Smith, Cedar Rapids, Iowa, for defendant.

McMANUS, District Judge.

## ORDER

This matter is before the court on cross-motions for summary judgment, filed March 14, 1985 and April 19, 1985, and plaintiff's resisted motion for certification of question of law, filed June 7, 1985. Motion to certify question denied; summary judgment granted for defendant on plaintiff's complaint; defendant's counterclaims dismissed without prejudice.

Plaintiff moves to certify to the Iowa Supreme Court the question of whether the United States Jaycees (USJ) is a public accommodation under Iowa law. The motion will be denied since the Iowa Supreme Court has recently discussed when a membership organization is a public accommodation in *Good v. Iowa Civil Rights Commission*, 368 N.W.2d 151 (Iowa 1985).

Both parties have moved for summary judgment on plaintiff's action for trademark infringement.

Summary judgment should not be entered unless the record indicates that there is no "genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). It is a procedure which advances the salutary objective of avoiding useless, expensive and time-consuming trials where there is actually no genuine, factual issue remaining to be tried. *Anderson v. Viking Pump*, 545 F.2d 1127, 1129 (8th Cir.1976); *Lyons v. Board of Education of Charleston*, 523 F.2d 340, 346, 347 (8th Cir.1975); *see also Boulies v. Ricketts*, 518 F.Supp. 687, 690 (D.C.Col.1981). Once a motion for summary judgment has been made and properly supported, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. *Burst v. Adolph Coors Co.*, 650 F.2d 930, 932 (8th Cir.1981); *Security National Bank v. Belleville Livestock Commission Co.*, 619 F.2d 840, 848 (10th Cir.1980). Where the moving party establishes the absence of any genuine issue of material fact and the opposing party submits no evidence in rebuttal, summary judgment is justified. *Stovall v. City of St. Louis*, 614 F.2d 619, 621 (8th Cir.1980); *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289, 293 (8th Cir.1975).

There is no genuine issue of material fact as set forth in the court's orders filed January 4, 1984 and March 6, 1984. In addition, the USJ passed a resolution on August 16, 1984 amending its By-laws to admit women as Individual Members in the USJ.

Pursuant to the Court of Appeals for the Eighth Circuit's instructions, the court will consider several issues in ruling on the cross-motions for summary judgment. *United States Jaycees v. Cedar Rapids Jaycees*, 754 F.2d 302, 303 (8th Cir.1985).

### Public Accommodation

Iowa Code section 601A.7 (1981) states:

1. It shall be an unfair or discriminatory practice for any owner, lessee, sublessee, proprietor, manager, or superintendent of any public accommodation or any agent or employee thereof:

> a. To refuse or deny to any person because of ... sex ... the accommodations, advantages, facilities, services, or privileges thereof, or otherwise to discriminate against any person because of ... sex ... in the furnishing of such accommodations, advantages, facilities, services, or privileges.

Iowa Code section 601A.2(10) (1981) provides in part:

> "Public accommodation" means each and every place, establishment, or facility of whatever kind, nature, or class that caters or offers services, facilities, or goods to the general public for a fee or charge,

.... Public accommodation shall not mean any bona fide private club or other place, establishment, or facility which is by its nature distinctly private, except when such distinctly private place, establishment, or facility caters or offers services, facilities, or goods to the general public for fee or charge or gratuitously, it shall be deemed a public accommodation during such period.

These sections are to be construed broadly to effectuate the purposes of the Iowa Civil Rights Act. Iowa Code § 601A.18 (1981).

USJ has seven classes of membership including Individual Members, Associate Individual Members and Local Organization Members. Prior to 1984, USJ By-law 4–2 stated:

Young men between the ages of eighteen (18) and thirty-five (35), inclusive, of Local Organization Members in good standing in this Corporation shall be considered Individual Members of this Corporation.... Such Individual Members shall be qualified by, and represented through, the Local Organization Member so long as he shall pay the dues to the Local Organization Member....

By-law 4–3 stated:

An Associate Individual Member is a business concern, association, group or individual not qualified by these By-Laws and Policy to be an Individual Member of a Local Organization Member.

Associate Individual Members can participate in various activities, programs and community projects but do not have the right to vote or hold office.

The USJ's primary function is creating and fostering the growth of member organizations. It promotes membership recruitment within Iowa and does not limit the size of its membership. It is funded primarily through the collection of membership dues and privately sponsored programs. It collects dues from Local Organization Members, including the Cedar Rapids Jaycees (CRJ), based on the number of Individual and Individual Associate Members. USJ considers itself a leadership training organization and emphasizes the leadership development of Individual Members. It also offers personal and business development training to its members.

Chapter 601A generally defines public accommodation as a place or facility that serves the general public. *Good,* 368 N.W.2d at 154. A membership organization, like USJ, is prohibited from discriminating on the basis of sex only if it offers goods and services to the general public. Id. The public can mean a group or segment of a population, while the term general public involves the whole population. Id. at 156.

■ The USJ provides services to the general public and therefore, is a public accommodation. Any individual, business concern, association or group is eligible for membership in the USJ as an Associate Individual Member. The Minnesota Supreme Court aptly stated: "[t]he USJ is unselective in those to whom it sells memberships; selectiveness occurs only in the privileges and benefits it accords to those holding one kind of membership rather than another." *United States Jaycees v. McClure,* 305 N.W.2d 764, 771 (Minn.1981).

The USJ committed a discriminatory practice when it initiated this action and revoked the CRJ's license to use the trademark "Jaycees" because the CRJ admitted women as Individual Members. Iowa Code § 601A.7(1) (1981).

*Validity of USJ's Revocation of CRJ's Trademark License*

■ The "Jaycees" trademark has become incontestable under 15 U.S.C. § 1065 and the CRJ has asserted none of the permissible defenses under 15 U.S.C. § 1115(b). However, the Lanham Act vests the court with the power to grant injunctions, "according to the principles of equity." 15 U.S.C. § 1116. Misuse and illegal use of a trademark are grounds for denial of the limited protection that equity would otherwise afford to a trademark owner. *See e.g. Phi Delta Theta Fraternity v. J.A. Buchroeder & Co.,* 251 F.Supp. 968, 977 (W.D.Mo.1966). A plaintiff will be

disqualified from obtaining relief if it has dealt unjustly with the defendant in the very transaction upon which its cause of action is based. *Shaver v. Heller & Merz Co.,* 108 F. 821, 834 (8th Cir.1901); *see also Humble Oil & Refining Co. v. American Oil Co.,* 259 F.Supp. 559, 566–67 (E.D.Mo. 1966).

■ The USJ violated Iowa law when it instituted this action and terminated the CRJ's license to use the trademark "Jaycees" solely because the CRJ admitted women as Individual Members. Acts of invidious discrimination in the distribution of publicly available services and other advantages cause unique evils that government has a compelling interest to prevent. *Roberts v. United States Jaycees,* — U.S. —, —, 104 S.Ct. 3244, 3255, 82 L.Ed.2d 462, 478 (1984). When a terminated licensee shows that illegal discrimination was underlying the termination of the trademark license, it would be inequitable to grant injunctive relief.

The USJ now admits women as Individual Members and the CRJ is no longer violating the USJ By-laws. Even though the USJ revoked the CRJ's trademark license, the CRJ continues to be a Local Organization Member of the USJ and the USJ has approved awarding its highest awards to members of the CRJ. The CRJ's use of the mark "Jaycees" is not likely to cause public confusion since the CRJ remains a member of the USJ. The public interest in preventing trademark infringement and in preventing market confusion is outweighed in this case by the government interest in preventing invidious discrimination. Therefore, the court will grant summary judgment for defendant on plaintiff's complaint.

### Jurisdiction Over Counterclaims

■ Defendant CRJ's counterclaims allege claims of illegal discrimination under the public accommodation laws in Chapter 601A of the Iowa Code and Chapter 69 of the Cedar Rapids Municipal Code. Section 601A.16 provides that a person claiming to be aggrieved by a discriminatory practice must initially seek administrative relief by filing a timely complaint with the Iowa Civil Rights Commission. Iowa Code § 601A.16 (1981). A complainant may subsequently commence an action for relief in the district court if the complaint was timely filed and has been on file with the commission for at least 120 days and the commission has issued a release to the complainant. Iowa Code § 601A.16(1) (1981). A release shall not be issued if the Iowa Civil Rights Commission has served notice of hearing upon the respondent. Iowa Code § 601A.16(2) (1981). Defendant has not received a release to sue from the commission because the commission issued a notice of hearing. In addition, because defendant filed its complaint with the Iowa Civil Rights Commission, it is prohibited from proceeding under Chapter 69 of the Cedar Rapids Municipal Code. Iowa Code § 601A.19 (1981).

Since defendant has failed to exhaust its administrative remedies, the court lacks jurisdiction over defendant's counterclaims. *See Burlington Northern, Inc. v. Chicago and Northwestern Transportation Co.,* 649 F.2d 556, 558–59 (8th Cir.1981). Therefore, defendant's counterclaims will be dismissed without prejudice. *See McCarney v. Ford Motor Co.,* 657 F.2d 230, 234 (8th Cir.1981).

It is therefore

ORDERED

1. Motion to certify question denied.

2. Summary judgment granted for defendant on plaintiff's complaint.

3. Defendant's counterclaims dismissed without prejudice.