780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
THOMAS V. HAGUE, Plaintiff-Appellant,
v.
TELEDYNE CAE, Defendant-Appellee.
 84-3813
 United States Court of Appeals, Sixth Circuit.
 11/18/85
 
 AFFIRMED
 N.D.Ohio
 On Appeal from the United States District Court for the Northern District of Ohio
 Before: ENGEL and KENNEDY, Circuit Judges; and HIGGINS, District Judge.*
 PER CURIAM.
 
 
 1
 Thomas V. Hague brought suit against his employer Teledyne CAE in district court under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621, et seq., alleging that Teledyne discriminatorily terminated him and discriminatorily failed to rehire him because of his age. After discovery was completed, Judge Walinski granted summary judgment on both counts in favor of Teledyne, holding that Hague failed to make out a prima facie case under the Act. On appeal, Hague has abandoned his claim of discriminatory termination but maintains that he has raised a genuine issue of material fact in support of his claim that Teledyne discriminatorily failed to rehire him. Hague contends, therefore, that Judge Walinski erred in granting Teledyne summary judgment as to this claim.
 
 
 2
 Hague was first hired by Teledyne in 1969 when he was forty-eight years old as a tool and fixture inspector, an hourly position. In February of 1971, Hague was laid off from his hourly position, but he was immediately offered a salaried position as a 'source inspector.' In February of 1974, Hague was laid off for economic reasons along with several other employees; however, in October of 1975, Hague was recalled as an hourly employee even though he had no recall rights. In January of 1979, Hague was again laid off, but was recalled in August of 1979 as a tool and fixture inspector where he remained until his discharge in May of 1981.
 
 
 3
 The events leading up to Hague's discharge began some time in 1980 when Gerald Green became Hague's immediate supervisor. Despite a departmental memorandum to the contrary, Hague apparently believed that Green was not his immediate supervisor and, as a result, resisted Green's instructions. These events culminated on May 8, 1981, when Green instructed Hague to be in Phoenix, Arizona on Sunday for a source inspection on Monday. After engaging in a 'heated' exchange with Green, Hague refused to go. Shortly afterward, Hague was called into the personnel office where he was informed that he was being discharged for insubordination.
 
 
 4
 On June 9, 1981, Hague responded to a Teledyne newspaper advertisement for the job of layout inspector. Teledyne rejected Hague's application in a form letter, stating that it had no position available at that time that matched his qualifications. On October 5, 1981, Teledyne hired Rosanna Roth, a sixty-two year old woman, for the position for which Hague had applied.
 
 
 5
 Hague states that on or about August 23, 1981, he filed discrimination charges with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission. Hague also brought suit in the United States District Court for the Northern District of Ohio. After discovery was completed, Judge Walinski granted Teledyne's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on August 31, 1984 in a written opinion. Judge Walinski found that whether the criteria of McDonnel Douglas Corp. v. Green, 411 U.S. 792 (1973) were employed, or whether this circuit's more flexible case-by-case approach in Arkerman v. Diamond Shamrock Co., 670 F.2d 66 (6th Cir. 1982) and Laugesen v. Anaconda Co., 510 F.2d 307 (6th Cir. 1975) were employed, Hague's evidence failed to raise any genuine issue of material fact relating to his claim of discriminatory discharge. Judge Walinski also found that Hague's claim of discriminatory failure to rehire was equally meritless. This appeal followed.
 
 
 6
 In this appeal, Hague contends only that the district court erred in dismissing his claim that Teledyne discriminatorily refused to rehire him. Hague maintains that the evidence demonstrates that he has established a prima facie case under the criteria set out in McDonnell Douglas Corp. v. Green, and that Teledyne has failed to rebut this prima facie case. Hague also asserts that the hiring of Rosanna Roth at the position for which he applied was a pretext to 'cover up' Teledyne's discriminatory motive for not rehiring him.
 
 
 7
 Upon a careful review of the record as a whole, we conclude that the trial court did not err in granting defendant's motion for summary judgment, especially where it appears that Hague had been previously discharged from his employment with Teledyne for what can only be described as gross insubordination, a circumstance which might alone have justified the defendant's refusal to rehire him, Anderson v. Viking Pump Division, 545 F.2d 1127 (8th Cir. 1976).
 
 
 8
 Accordingly, for the reasons set forth in the opinion and order filed by United States District Judge Nicholas J. Walinski in the district court on August 31, 1984,[1] the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Higgins, United States District Court for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 Hague v. Teledyne, CAE, No. C 82-297 (N.D. Ohio, Aug. 31, 1984)