MAZZOCCHI BUS CO., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; NICHOLAS MAZZOCCHI AND ESTATE OF ROSE MARIE MAZZOCCHI, DECEASED, MARY MAZZOCCHI, EXECUTRIX, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mazzocchi Bus Co. v. Commissioner
Docket Nos. 36768-86, 36769-86
United States Tax Court
T.C. Memo 1990-292; 1990 Tax Ct. Memo LEXIS 310; 59 T.C.M. (CCH) 845; T.C.M. (RIA) 90292; June 12, 1990, Filed *310 An appropriate order will be issued denying petitioners' motions. Thomas S. Carles, for the petitioners. Daniel K. O'Brien, Ismael Gonzalez, and Patrick E. Whelan, for the respondent. WHALEN, Judge. WHALEN
MEMORANDUM OPINION These cases are before the Court to decide petitioners' Motion for Partial Summary Judgement and their accompanying Motion for Certification Order for Interlocutory Appeal. The cases involve two notices of deficiency. In the first, respondent determined the following deficiencies in, and additions to, the Federal income tax of Mazzocchi Bus Co., Inc.: Addition to Tax
Taxable Year Ended
Deficiency
Section 6653(b)
June 30, 1975
$ 62,188.04
$ 37,669.52
June 30, 1976
86,570.27
43,538.13
June 30, 1977
91,701.07
49,217.04
June 30, 1978
58,738.80
29,369.40
June 30, 1979
26,594.84
26,047.42
(All section references are to the Internal Revenue Code as amended.) In the second notice of deficiency, respondent determined the following deficiencies in, and additions to, the Federal income tax of Nicholas Mazzocchi and the Estate of Rose Marie Mazzocchi, his deceased wife: Addition to Tax
Taxable Year
Deficiency
Section 6653(b)
1974
$  27,062
$ 13,531
1975
89,073
45,024
1976
128,172
65,387
1977
96,166
48,515
1978
67,686
33,843
1979
58,716
29,358
*311 During the taxable years at issue, Mazzocchi Bus Co., Inc. was a corporation engaged in the business of providing bus service to school districts on a contractual basis. It reported income for Federal income tax purposes on the cash receipts and disbursements method of accounting. Mr. Mazzocchi was the majority shareholder and president of the company. Respondent's determinations are based on his contention that Mr. Mazzocchi diverted money from the bus company for his personal use and benefit and failed to report it as taxable income for Federal income tax purposes. In the case of Mazzocchi Bus Co., Inc., respondent computed deficiencies for the corporation's fiscal years 1975 through 1979 by treating the amounts allegedly diverted by Mr. Mazzocchi as unreported taxable income of the corporation. In the case of Mr. Mazzocchi and the estate of his spouse, respondent treated the income allegedly diverted from the corporation as having been constructively distributed to Mr. Mazzocchi during taxable years 1974 through 1979 as dividends. In both cases respondent further determined that all or a portion of the underpayment of tax for each year was due to fraud. Implicit in respondent's *312 determination that Mr. Mazzocchi received dividends from the bus company is the proposition that the corporation's earnings and profits at the end of each fiscal year equaled or exceeded the amounts diverted from the corporation during the year. Sec. 316(a). Generally, corporate funds diverted by a shareholder are treated as constructively distributed to the shareholder by the corporation, and are subject to the rules governing corporate distributions. See Truesdell v. Commissioner, 89 T.C. 1280 (1987), and cases cited therein. Under sections 301(c) and 316(a), a shareholder is treated as having received a dividend, taxable as ordinary income, to the extent of the earnings and profits of the corporation at the end of the taxable year in which the distribution was made. Any amount received by the shareholder in excess of earnings and profits is treated as a non-taxable return of capital to the extent of the shareholder's adjusted basis in the stock of the corporation. Truesdell v. Commissioner, supra at 1295. Any amount received in excess of both the corporation's earnings and profits and the shareholder's adjusted basis is treated as gain from the sale or exchange of property. *313 Sec. 301(c)(3). Accordingly, the earnings and profits of the corporation at the end of its taxable year plays an important role in determining the tax consequences of any distributions made by the corporation to its shareholders. Truesdell v. Commissioner, supra.
Petitioners focus on the method of calculating earnings and profits in their Motion for Partial Summary Judgement. They ask the Court to render partial summary judgment that "proper adjustments to the earnings and profits account of Mazzocchi Bus Company, Inc. should be made for tax deficiencies, penalties, and interest on deficiencies and penalties which are the obligation of Mazzocchi Bus Company, Inc." Petitioners contend that the corporation's earnings and profits account must be reduced by "accrued but unpaid taxes, as well as any penalties and interest attributable thereto," despite the fact the corporation is a cash basis taxpayer. In the event that the Court denies their Motion for Partial Summary Judgement, petitioners ask us to certify this issue for interlocutory appeal under section 7482(a)(2) and Rule 193. (All Rule references are to the Tax Court Rules of Practice and Procedure.) Respondent argues that petitioners' *314 Motion for Partial Summary Judgement must be denied because petitioners are actually seeking an advisory opinion as to a question of law, and such relief is outside of the intended scope of Rule 121. Respondent further argues that there are genuine issues of material fact in dispute which preclude us from rendering a judgment for petitioners as a matter of law. For the reasons stated below, we agree with respondent. Petitioners' motion raises a legal question about whether a cash basis corporation must adjust its earnings and profits account downward to reflect accrued but unpaid Federal income taxes, fraud additions to such taxes, and interest on such taxes and additions. Petitioners' motion, however, does not show how the answer to this question will affect the tax liabilities at issue in these cases or, indeed, that the answer will affect them at all. Petitioners merely assert that "after allowing for such adjustments, Nicholas Mazzocchi's proper individual tax liability may be ascertained." They further assert that an answer of the above legal question will "narrow the issues to be determined at trial, will guide the parties in pursuing discovery, and may encourage a settlement *315 prior to trial." We can only speculate that Mr. Mazzocchi's tax liability may be significantly affected by the answer to the question posed by petitioners. For example, if the earnings and profits of the bus company were reduced to zero, or less than zero, by the deficiencies, additions, and interest thereon, the money constructively distributed to Mr. Mazzocchi may be treated as a non-taxable return of capital, to the extent of his basis in the stock of the corporation. On the other hand, it is equally possible that the answer to the above legal question will have no impact at all on Mr. Mazzocchi's tax liability. For example, the earnings and profits of the corporation may be sufficiently high that the constructive distributions will be treated as dividends, regardless of how the question is answered. Petitioners have chosen not to support their Motion for Partial Summary Judgement with an affidavit, and the Court does not have before it any facts concerning the corporation's earnings and profits in relation to the constructive distributions at issue. The Court cannot determine what effect, if any, the legal question posed by petitioners' motion will have on Mr. Mazzocchi's tax *316 liability. Indeed, as mentioned above, our opinion on the question posed by petitioners' motion might prove to be extraneous when the facts are known. As a matter of judicial policy, courts have refused to consider a motion for summary judgment in this situation. See Roberts v. Browning, 610 F.2d 528, 536 (8th Cir. 1979). Moreover, petitioners are required by Rule 121(b) to prove that "there is no genuine issue of material fact." See Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Graf v. Commissioner, 80 T.C. 944, 946 (1983); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). Petitioners purport to satisfy this burden through the following factual "concession" stated in their memorandum: For the limited purpose of presenting the Motion for Partial Summary Judgement, the Petitioners have conceded the facts alleged in the Respondent's statutory notice of deficiency, but reserve the right to contest these facts in full at trial.
The "notice of deficiency" to which the concession refers appears to be the notice issued to Mr. Mazzocchi. It contains the following allegation by respondent: During 1974, 1975, 1976, 1977, 1978 and 1979, *317 Mazzocchi Bus Co., Inc. made payments to you, as shown below. Such items are dividend income under sections 301 and 316 of the Internal Revenue Code and are includable in your gross income under section 61 of the Internal Revenue Code. Since this income was not reported, your taxable income is increased $ 52,102.06, $ 155,814.35, $ 201,298.31, $ 156,212.45, $ 90,775.82, and $ 55,467.12 for respective years 1974, 1975, 1976, 1977, 1978 and 1979.
Thus, respondent's allegation, the subject of petitioner's concession, is a conclusory statement that Mr. Mazzocchi realized dividend income. It does not contain any underlying factual allegations on which the computation of Mr. Mazzocchi's dividend income is based. If we interpret petitioners' "concession" as sufficient to show that there are no material facts at issue, as required by Rule 121, then petitioners have, in effect, conceded that Mr. Mazzocchi had "dividend income under sections 301 and 316" in the amounts determined by respondent. It is apparent from their argument that petitioners did not intend to concede that respondent prevails as a matter of law on the ultimate issue in this case. On the other hand, if we interpret petitioner's *318 concession in a manner consistent with their argument, then their concession becomes illusory. It presents no facts regarding the amount of the constructive distributions, the corporation's earnings and profits, or the adjusted basis of Mr. Mazzocchi's stock. Thus, their "concession" actually concedes nothing, and fails to satisfy their burden of showing that no issues of material fact are in dispute. The function of summary judgment is to avoid useless, expensive and time-consuming trials where there is actually no genuine factual issue remaining to be tried. Anderson v. Viking Pump Division, Houdaille Industries, Inc., 545 F.2d 1127, 1129 (8th Cir. 1976); Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976), certiorari denied 429 U.S. 1038 (1977); Broadway v. City of Montgomery, 530 F.2d 657, 661 (5th Cir. 1976).Petitioners' motion, however, merely poses a question about the manner of computing earnings and profits. Even if we were to decide petitioners' motion and express our opinion about reducing the corporation's earnings and profits account as sought by petitioners, Mr. Mazzocchi's tax liability could not be determined until certain facts are established, such *319 as, the corporation's earnings and profits, the amount of money constructively distributed to Mr. Mazzocchi by the corporation, and Mr. Mazzocchi's adjusted basis in his bus company stock. Our opinion would not dispense with the need for a trial to resolve any dispute between the parties about operative facts in this case. Accordingly, petitioners' Motion for Partial Summary Judgement does not serve the above objective of the summary judgment procedure. In fact, it would do the opposite because it would tend to foster piece-meal adjudication. The decision to entertain a motion for partial summary judgment is within the discretion of the Court. Graf v. Commissioner, supra at 945.In considering petitioners' motion, we are mindful of the following admonition of the Supreme Court: The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract *320 propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. * * * [California v. San Pablo & Tulare Railroad Co., 149 U.S. 308, 314 (1893).]
We believe that the following statement taken from our opinion in LTV Corp. v. Commissioner, 64 T.C. 589, 595 (1975), is applicable here: It will add little to the conclusion reached to enter into an extended discussion of the subtle concepts of justiciability, and the various categories of nonjusticiable issues. Most of the categories (including ripeness, mootness, and advisory opinions) overlap and blur on analysis, but for the most part reflect a sound principle of judicial administration that courts will not gratuitously decide complex issues that cannot affect the disposition of the case before them. We are confident that this principle applies to the particular facts of the case before us. [Fn. refs. omitted.]
For the foregoing reasons, we decline to consider petitioners' motion for partial summary judgment. Petitioners also ask us to certify this matter for interlocutory appeal under section 7482(a)(2). That provision authorizes *321 the Court to certify a legal issue for interlocutory appeal where it is shown that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. [Sec. 7482(a)(2)(A); Rule 193(a).]
Our refusal to consider petitioner's Motion for Partial Summary Judgment is not a "controlling question of law" as "to which there is as substantial ground for difference of opinion," nor would an appeal therefrom "advance the ultimate termination of the litigation." We therefore decline to certify that this matter is suitable for immediate interlocutory appeal. To reflect the foregoing, An appropriate order will be issued denying petitioners' motions.