**James Stephen MATTHEWS, Plaintiff,**

v.

**ROLLINS HUDIG HALL CO., AON Corporation, and George E. Corde, Sr., Defendants.**

**No. 93 C 7719.**

United States District Court, N.D. Illinois, Eastern Division.

Jan. 11, 1995.

---

Vicki Lafer Abrahamson, Janice M. Rauen, Vicki Lafer Abrahamson & Associates, Chicago, IL, for plaintiff.

Steven L. Brenneman, Kenneth T. Lopatka, Jacqueline M. Damm, Matkov, Salzman, Madoff & Gunn, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge.

Plaintiff James Stephen Matthews has filed a first amended complaint against defendants Rollins Hudig Hall Company ("Rollins"), Aon Corporation ("Aon") and George E. Corde, Sr., alleging in Counts I and II that defendants willfully terminated his employment because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.* Defendant Corde has filed a motion to dismiss Counts I and II of plaintiff's first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, defendant Corde's motion to dismiss is denied.

## ANALYSIS

In ruling on a motion for dismissal, the court must presume all of the well-pleaded allegations of the complaint to be true. *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977). In addition, the court must view those allegations in the light most favorable to the plaintiff. *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). Dismissal is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

In Counts I and II of his first amended complaint plaintiff alleges that defendants Rollins, Aon and Corde willfully terminated plaintiff's employment because of his age in violation of the ADEA, 29 U.S.C. § 621 *et seq.* Defendant Corde argues that plaintiff's ADEA claims against him should be dismissed because as plaintiff's supervisor defendant Corde is not an "employer" within the meaning of the ADEA and therefore cannot be held individually liable for any alleged ADEA violation. Plaintiff argues that defendant Corde, as plaintiff's former supervisor and Executive Vice President of Rollins, was plaintiff's "employer" for purposes of the ADEA and may be held individ-

ually liable under the ADEA for age discrimination.

■ Under the ADEA an "employer" is defined as "a person engaged in an industry affecting commerce who has twenty or more employees ... [and] any agent of such a person." 29 U.S.C. § 630(b). The Seventh Circuit has not directly addressed the issue of whether supervisory employees may be held personally liable under the ADEA or other federal anti-discrimination statutes.[1] A review of the caselaw indicates that the courts of the Northern District of Illinois that have considered the issue are divided on the question of a supervisor's individual liability under the ADEA, Title VII or the ADA. *See Jendusa v. Cancer Treatment Centers of America, Inc.*, 868 F.Supp. 1006, 1007–08 (N.D.Ill.1994) (Castillo, J.) (lists and compares all of the cases from the Northern District of Illinois addressing the issue of a supervisor's individual liability under the ADEA and the other anti-discrimination statutes).

In addition to this split within the courts of the Northern District, there is a split among the United States Courts of Appeals that have considered the issue. The Fifth, Ninth, Tenth, and Eleventh Circuits have held that individual liability may not be imposed against supervisory or management personnel under the anti-discrimination statutes, *see Grant v. Lone Star Co.*, 21 F.3d 649, 651–53 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587–88 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991), and the Fourth and Sixth Circuits have held that individual liability may be imposed. *See Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir.1989), *vacated in part on other grounds*, 900 F.2d 27 (4th Cir.1990); *Jones v. Continental Corp.*, 789 F.2d 1225, 1231 (6th Cir.1986); *but see, Birkbeck v. Marvel Lighting*

*Corp.*, 30 F.3d 507, 510–11 (4th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994) (distinguishing *Paroline* and holding that there is no individual liability under the ADEA).

Two Seventh Circuit cases address, at least indirectly, the issue of a supervisor's individual liability in an ADEA action. *Shager v. Upjohn Co.*, 913 F.2d 398 (7th Cir.1990); *Price v. Marshall Erdman & Associates, Inc.*, 966 F.2d 320 (7th Cir.1992). In *Shager*, the court held that the doctrine of respondeat superior applied in ADEA actions, and that the discriminatory actions of the defendant corporation's officers could be imputed to the defendant corporation. 913 F.2d at 404. The court went on to state, in dicta, that the officer could hypothetically be sued under the ADEA, as the term "employer" in the ADEA includes "agents." *Id.*

In *Price*, a former employee sued both his former employer and his former supervisor under the ADEA and obtained a substantial damage award against both. 966 F.2d at 322. The Seventh Circuit noted that *both* the supervisor and the employer had been found by the jury to have committed willful violations of the ADEA. *Id.* at 324. The court found this result to be unproblematic, as the supervisor's conduct was imputed to the employer. *Id.* The court ultimately decided to let the jury verdict as to the supervisor stand. *Id.*

■ Although the Seventh Circuit has not expressly stated that a supervisor may be sued under the ADEA, this court concludes that, based on the *Price* and *Shager* decisions, supervisors may be individually liable under the ADEA. The Seventh Circuit in *Price* reviewed the evidence against the supervisor in ascertaining his liability for a willful violation of the ADEA, an analysis that clearly would not have been necessary if the Seventh Circuit believed supervisors were not subject to liability under the

---

1. The ADEA's definition of "employer" is almost identical to that of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111(5)(A), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e(b). Therefore, in determining whether a supervisor may be held liable as a "employer" for purposes of the ADEA, the court shall look to cases interpreting these other anti-discrimination statutes.

ADEA. *See Strzelecki v. Schwarz Paper Co.*, 824 F.Supp. 821, 829 n. 3 (N.D.Ill.1993).

In addition, the court finds that both the language and the purpose the ADEA support the conclusion that supervisors may be held personally liable for violations of the ADEA. By incorporating "agents" within the definition of "employer," Congress appears to have intended to subject individuals to liability for engaging in age discrimination. Moreover, the "ADEA is designed not only to compensate victims of discrimination but to deter potential discriminators, and the latter goal is undermined when people who make discriminatory decisions do not have to pay for them." *Strzelecki*, 824 F.Supp. at 829. Therefore, the court concludes that plaintiff's ADEA claim against defendant Corde in his individual capacity should not be dismissed.

## CONCLUSION

For the reasons stated above, defendant Corde's motion to dismiss Counts I and II of plaintiff's first amended complaint is DE-NIED. The parties are strongly urged to discuss the settlement of this case and report on the status thereof on February 2, 1995 at 10 a.m.