927 F.Supp. 361 (1996)
Gregory F. KELLEHER, Jr., Plaintiff,
v.
AEROSPACE COMMUNITY CREDIT UNION, and Nina G. Pilger, Defendants.
No. 4:95CV632 JCH.
United States District Court, E.D. Missouri, Eastern Division.
March 25, 1996.
*362 Norvel E. Brown, Centralia, IL, for plaintiff.
James N. Foster, Jr., John F. Kuenstler, McMahon and Berger, St. Louis, MO, for defendants.

MEMORANDUM AND ORDER
HAMILTON, Chief Judge.
This matter is before the Court on Defendant Nina Pilger's Motion to Dismiss.
In passing on a motion to dismiss, a court must view the allegations in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979).
Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982).
Viewing the record in the light most favorable to Plaintiff, the Court finds that the following facts are established. Plaintiff Gregory Kelleher began his employment as a loan manager with Defendant Aerospace Community Credit Union in 1986. In January, 1992 Plaintiff was promoted to the position of branch manager. On October 31, 1994 Plaintiff's supervisor, Defendant Nina Pilger, discharged Plaintiff. Plaintiff asserts that Defendants terminated his employment based on his age and harassed him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.
Defendant Nina Pilger requests dismissal of Plaintiff's Complaint against her on the grounds that an individual supervisor does not qualify as an "employer" for purposes of liability under the ADEA. This Court previously has held that "the ADEA does not permit civil liability against a supervisor in his individual capacity." White v. Edward D. Jones & Company, Cause No. 4:92CV2411 CEJ, at 3, 1994 WL 408382 (March 30, 1994). Accord Dunham v. City of O'Fallon, Cause No. 4:93CV02677 GFG, 1994 WL 228598 (May 12, 1994). Although the Eighth Circuit has not squarely addressed the issue, it has determined that individual defendants may not be held liable under the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010 et seq. Lenhardt v. Basic Institute of Technology, 55 F.3d 377 (8th Cir.1995). In reaching this result, the Court of Appeals relied on other appellate decisions holding that individual defendants are not liable under the ADEA or Title VII of the Civil Rights Act of 1964, 42 *363 U.S.C. § 2000e et seq. Lenhardt, 55 F.3d at 380, citing Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th Cir.) (ADEA), cert. denied, ___ U.S. ___, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994); Lankford v. City of Hobart, 27 F.3d 477, 480 (10th Cir.1994) (Title VII); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir.) (Title VII), cert. denied, ___ U.S. ___, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); Miller v. Maxwell's International Inc., 991 F.2d 583, 587-88 (9th Cir.1993) (Title VII and ADEA), cert. denied, 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994).
Most of the district court cases cited by Plaintiff in support of individual liability under the ADEA preceded the foregoing appellate cases. See Wanamaker v. Columbian Rope Co., 740 F.Supp. 127 (N.D.N.Y.1990); House v. Cannon Mills Co., 713 F.Supp. 159 (M.D.N.C.1988); Wasilchuk v. Harvey's Wagon Wheel, Inc., 610 F.Supp. 206 (D.Nev. 1985); Coffin v. South Carolina Dept. of Social Services, 562 F.Supp. 579 (D.S.C. 1983); Barkley v. Carraux, 533 F.Supp. 242 (S.D.Tex.1982); Goodman v. Bd. of Trustees of Community College Dist. 524, 498 F.Supp. 1329 (N.D.Ill.1980).[*] In light of the foregoing appellate decisions, this Court believes that, at the very least, House, Wasilchuk, and Coffin are no longer good law.
After reviewing the authorities cited by both Plaintiff and Defendant Pilger, the Court reaffirms its previous decisions that individuals cannot be held liable under the ADEA.
ACCORDINGLY,
IT IS HEREBY ORDERED that Defendant Nina G. Pilger's Motion to Dismiss [docket #8] is GRANTED, and Plaintiff's claims against Defendant Pilger are DISMISSED.
NOTES
[*] But see Matthews v. Rollins Hudig Hall Co., 874 F.Supp. 192 (N.D.Ill.1995) (disagreeing with Grant and Miller and finding that individuals can be liable for ADEA violations).