**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2951
_____

| | | |
|---|---|---|
| Alfreda Spencer, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Ripley County State Bank; Ronald D. | * | |
| Brooks, | * | **[UNPUBLISHED]** |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: April 17, 1997
Filed: July 21, 1997
_____

Before LOKEN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

In July 1992, Alfreda Spencer began working as a teller at the Ripley County State Bank in Doniphan, Missouri. In October 1992, the Bank opened a branch office in Naylor, Missouri. Ronald Brooks, the Bank's President, asked Spencer to work at the new branch. When Spencer refused, Brooks fired her. Spencer then brought this action against the Bank and Brooks individually under Title VII and the Missouri Human Rights Act, alleging that Brooks's sexual harassment had subjected her to a hostile work environment.

At her deposition, Spencer testified that shortly after she began work, the Bank's head teller warned her that Brooks "can't keep his hands to himself." Thereafter, Spencer testified, on at least ten occasions over the course of her employment, Brooks came to her teller cage, where "[h]e would put his arm around you and pull you to him and he would pinch you on the back around your bra and he actually even pulled on my bra at times in the back." Spencer found this conduct "disgusting" and attempted to move away when Brooks touched her, but she did not complain to Brooks or anyone else at the Bank. She refused to transfer to the Naylor branch because it would be easier for Brooks to "hit on me" at that more isolated location.

One month before trial, the Bank moved for summary judgment, submitting affidavits by numerous male and female Bank employees averring that: (i) no other female employee had been harassed by Brooks; (ii) Spencer never complained to anyone about Brooks's alleged conduct, and no one had seen any such conduct at Spencer's teller cage; (iii) Spencer did not accuse Brooks of harassment or state her alleged concern about working at the Naylor branch at her termination meeting with Brooks and Brenda Pigg, vice president of operations, or when she complained immediately after the termination to Floyd Lynxwiler, a member of the Bank's Board of Directors, or when she sought help from Dwayne Hackworth, Chairman of the Board and the Bank's majority owner; and (iv) the Bank has a written policy against sexual harassment and a well understood procedure by which employee sexual harassment complaints may be reported to the Chairman of the Board.

Spencer did not respond to the Bank's motion. The district court[1] granted the motion, explaining that by resting on her pleading Spencer failed to establish a *prima facie* case of hostile work environment sexual harassment in two respects. First, she

---

[1]The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri.

presented no evidence that Brooks's conduct was so offensive or abusive as to affect her well-being or her work performance; second, she presented no evidence that the Bank knew or should have known of the alleged harassment and failed to take appropriate remedial action. See generally Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993); Meritor Savings Bank v. Vinson, 477 U.S. 57, 72 (1986); Burns v. McGregor Elec. Indus., Inc., 955 F.2d 559, 564 (8th Cir. 1992). The court dismissed Spencer's claims against Brooks on the ground that individual employees are not personally liable under Title VII. See Lenhardt v. Basic Inst. of Tech., 55 F.3d 377, 381 (8th Cir. 1995); Smith v. St. Bernards Regional Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). It dismissed her pendent state law claims without prejudice.

Spencer then moved to alter or amend the court's judgment, stating that she had delayed responding to the Bank's motion in order to complete additional depositions. The district court granted her time to complete and submit those depositions and a responsive memorandum. After considering these additional submissions, the court denied Spencer's motion to alter or amend because "[n]one of these deponents provide any factual support to plaintiff's contention that she was sexually harassed, that her work environment was hostile, that the defendant Bank was aware of the harassment and failed to take proper measures to end it, or that she was fired because she would not submit to defendant Brooks's sexual advances." On appeal, Spencer argues that she presented a triable claim of sexual harassment, that the Bank should be strictly liable for the actions of supervisor Brooks, and that we should afford her a Title VII cause of action against Brooks individually. After carefully considering the sparse record, we affirm for the reasons stated by the district court. See 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-