United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-3174

_____

| | | |
|---|---|---|
| Karilyn Bonomolo-Hagen, | * | |
| | * | |
| Plaintiff - Respondent, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United |
| Clay Central-Everly Community | * | States District Court for the |
| School District, | * | Northern District of Iowa. |
| | * | |
| Defendant, | * | [PUBLISHED] |
| | * | |
| David Holmquist, | * | |
| | * | |
| Defendant - Petitioner. | * | |

_____

Submitted: July 21, 1997
Filed: August 15, 1997

_____

Before McMILLIAN, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

The District Court, applying precedent from the Northern District of Iowa, and observing that our Court had not yet definitively resolved the question, held that as the plaintiff's supervisor defendant David Holmquist could be held individually liable under Title VII of the Civil Rights Act of 1964. Accordingly, the District Court denied

Holmquist's motion to dismiss the plaintiff's Title VII claims against him, but certified the question pursuant to 28 U.S.C. § 1292(b), thus permitting Holmquist to seek an interlocutory appeal.

Holmquist's petition for permission to appeal is granted, and the District Court's denial of Holmquist's motion to dismiss is reversed. Our Court quite recently has squarely held that supervisors may not be held individually liable under Title VII. See Spencer v. Ripley County State Bank, No. 96-2951, slip op. at 3 (8th Cir. July 21, 1997). Thus the question left open in Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377 (8th Cir. 1995) (holding that under the Missouri Human Rights Act individual liability may not be imposed on supervisors), has been resolved.

Spencer establishes the law of our circuit. We therefore reverse and remand for entry of an order granting Holmquist's motion to dismiss.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.