**Doug SMITH, Plaintiff,**

v.

**BANKERS LIFE AND CASUALTY CO., and Dennis Riley, Defendants.**

No. 3:05–cv–00130.

United States District Court, S.D. Iowa, Davenport Division.

Nov. 2, 2007.

---

Andrew J. Boling, James J. Dries, Stephanie L. Sweitzer, Peter James Gillespie, Baker & McKenzie LLP, Chicago, IL, William P. Rector, Bozeman Neighbor Patton & Noe, Moline, IL, for Defendants.

Paige Ellen Fiedler, Brooke C. Timmer, Fiedler & Newkirk PLC, Urbandale, IA, for Plaintiff.

## ORDER

ROBERT W. PRATT, Chief Judge.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed a Complaint (Clerk's No. 1) in the above-captioned action on October 25, 2005. In the Complaint, Plaintiff claims that he began working for Bankers Life and Casualty Company ("Bankers Life") as an insurance agent in April 1986. Compl. ¶ 11. He received several promotions, and eventually became a Unit Sales Manager on February 25, 2003. *Id.* at ¶ 12. Plaintiff claims that after becoming a Unit Sales Manager, his supervisor, Defendant Dennis Riley ("Riley"), told him to hire younger people when recruiting new agents. *Id.* at ¶ 15. The Complaint alleges that Riley became upset when Plaintiff hired people who were in their 40s or older. *Id.* Plaintiff claims that Riley made numerous remarks during his employment with Bankers Life showing a clear bias against "older" employees. *Id.* ¶¶ 16–23. Plaintiff himself was terminated on August 11, 2004, at the age of 54. *Id.* at ¶ 28. Plaintiff alleges that Defendants are liable to him for age discrimination, under both the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. and the Iowa Civil Rights Act, Iowa Code Chapter 216. Plaintiff asserts the federal and the state claim against both Bankers Life and Riley.

Presently before the Court is a Motion for Summary Judgment, filed July 16, 2007 by Bankers Life and by Riley. Clerk's No. 28. In that motion, both Defendants sought summary judgment on all claims in the Complaint. On September 14, 2007, Defendant filed a Motion to Partially Withdraw Defendants' Motion for Summary Judgment. Clerk's No. 32. Specifically, Defendants noted that further discovery in the case had revealed that Bankers Life's request for summary judgment was no longer appropriate as to either the state or the federal claim, and that Riley's request for summary judgment was no longer appropriate as to the state law claim.[1] Plain-

---

1. Far too often, parties file motions for summary judgment as a matter of course, rather than as the result of an independent and careful determination that there are no genu-

tiff did not resist Defendants' request to partially withdraw the pending motion for summary judgment, and the motion was granted on September 21, 2007. Clerk's Nos. 34–35. Accordingly, the only remaining portion of Defendants' Motion for Summary Judgment is Riley's request for summary judgment on Plaintiff's ADEA claim. Plaintiff filed a resistance to that portion of the motion on September 19, 2007 (Clerk's No. 33), and Defendant replied on September 26, 2007 (Clerk's No. 36). The matter is fully submitted.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment has a special place in civil litigation. The device "has proven its usefulness as a means of avoiding full-dress trials in unwinnable cases, thereby freeing courts to utilize scarce judicial resources in more beneficial ways." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991). In operation, the role of summary judgment is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required. *See id.; see also Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990). "[S]ummary judgment is an extreme remedy, and one which is not to be granted unless the movant has established his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances." *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 209 (8th Cir.1976) (citing *Windsor v. Bethesda*

*Gen. Hosp.*, 523 F.2d 891, 893 n. 5 (8th Cir.1975)). The purpose of the rule is not " 'to cut litigants off from their right of trial by jury if they really have issues to try,' " *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962) (quoting *Sartor v. Ark. Natural Gas Corp.*, 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944)), but to avoid "useless, expensive and time-consuming trials where there is actually no genuine, factual issue remaining to be tried." *Anderson v. Viking Pump Div., Houdaille Indus., Inc.*, 545 F.2d 1127, 1129 (8th Cir.1976) (citing *Lyons v. Bd. of Educ.*, 523 F.2d 340, 347 (8th Cir.1975)).

## III. LAW AND ANALYSIS

Riley claims that summary judgment is proper on Plaintiff's claim of age discrimination under the ADEA on the sole basis that the ADEA does not permit individual supervisors to be held personally liable. Plaintiff argues, on the other hand, that the plain language of the ADEA permits individual liability.

The ADEA provides that it "shall be unlawful for an employer" to discharge or otherwise discriminate against an individual in regards to his employment on the basis of age. 29 U.S.C. § 623(a). An "employer" is defined under the statute as:

[A] person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year: *Provided,* That prior to June 30, 1968, employers having fewer than fifty

ine factual issues remaining in a case. *See* U.S. Senior District Judge Milton I. Shadur, *Trials or Tribulations (Rule 56 Style)?,* 29 No. 2 Litig. 5 (Winter 2003) (discussing the extraordinary costs of summary judgment and pointing out that the decision to file summary judgment motions has become "all too Pavlovian in nature: When the close-of-discovery

bell rings, the Rule 56 dog salivates"). The Court commends Defendant's counsel for recognizing that portions of its motion for summary judgment were no longer appropriate and for expediently withdrawing those portions before either party dedicated further time to the matter or incurred further expense.

employees shall not be considered employers. The term also means (1) *any agent of such a person*, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

29 U.S.C. § 630(b) (underlined emphasis added). Plaintiff points to the underlined portion of the definition of "employer" as supporting a conclusion that the plain language of the statute permits individual liability.

The Eighth Circuit Court of Appeals has long held that the definitions of employer under the ADEA and Title VII are analogous. *E.E.O.C. v. Fond du Lac Heavy Equip. and Const.*, 986 F.2d 246, 251 (8th Cir.1993) ("The definition of employer in the ADEA was patterned after the definition of employer in Title VII."); *see also Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 380 (8th Cir.1995) ("Both federal statutes [Title VII and the ADEA] include definitions of an employer that are analogous to the [Missouri Human Rights Act]."). Though the Eighth Circuit Court of Appeals has yet to explicitly hold that individual liability cannot be had under the ADEA, it has "squarely held that supervisors may not be held individually liable under Title VII." *Bonomolo–Hagen v. Clay Cent.—Everly Comm. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir.1997) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691–92 (8th Cir.1997) as "establish[ing] the law of our circuit."). Most courts in the Eighth Circuit have interpreted this to mean that the Eighth Circuit will, if confronted with the issue, hold that individual liability is equally impermissible under the ADEA. *See Payne v. Peter Kiewit Sons', Inc.*, No. 8:06CV686, 2007 WL 1319535, at *3 n. 4 (D.Neb.

Apr.3, 2007) ("[U]nder the ADEA an individual is not an 'employer' and cannot be held individually liable."); *Widmar v. City of Kansas City, Mo.*, No. 05–0599, 2006 WL 743171, at *2 (W.D.Mo. Mar.20, 2006) ("[T]he Court finds that binding Eighth Circuit law precludes individual liability under Title VII and the ADEA...."); *Wortham v. Am. Family Ins. Co.*, No. C01–2067, 2002 WL 31128057, at *4 (N.D.Iowa Sept.17, 2002) ("While the Eighth Circuit has not explicitly decided the issue, relevant case law strongly suggests that it would conclude that there is no individual liability under the ADEA."); *Kelleher v. Aerospace Comm. Credit Union*, 927 F.Supp. 361, 363 (E.D.Mo.1996) ("[T]he Court reaffirms its previous decisions that individuals cannot be held liable under the ADEA."). Other circuit courts of appeal have made a similar conclusion regarding the applicability of the ADEA to individuals. *See, e.g., Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir.1996); *Csoka v. United States Gov't*, No. 94–1204, 1996 WL 467654, at *5 (7th Cir. Aug.12, 1996) ("The ADEA, like Title VII, does not authorize individual liability claims...."); *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir.1995); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir.1994); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir.1993).

Given the wealth of holdings to the contrary in this circuit and others, the Court is hard-pressed to adopt Plaintiff's unsupported argument that the plain language of the ADEA authorizes individual liability. Accordingly, the Court holds that the ADEA does not provide for individual liability and that Plaintiff's ADEA claim against Defendant Riley must be dismissed.

## IV. CONCLUSION

For the reasons stated herein, Defendant Riley's Motion for Summary Judg-

ment on Plaintiff's ADEA claim (Clerk's No. 28) is GRANTED.

IT IS SO ORDERED.