# United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-2476
_____

Willie J. Starr

*Plaintiff - Appellant*

v.

Estella Bland, ANP, Correct Care Solution

*Defendant*

Sondra Parker, HSAA, Correct Care Solution; James Gibson, Deputy Warden, VSM, ADC; James Shipman, Deputy Warden, VSM, ADC; Brandon C. Carroll, Major, VSM, ADC; F. Washington, Classification Committee Member, VSM, ADC

*Defendants - Appellees*

Aaron Smith, Doctor, Correct Care Solution

*Defendant*

Amy Jones, LPN, VSM, ADC; S. Taylor, Captain, VSM, ADC

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: March 4, 2022
Filed: March 10, 2022
[Unpublished]
_____

Before BENTON, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Arkansas prisoner Willie Starr appeals the district court's pre-service dismissal of his Americans with Disabilities Act (ADA) claim brought against employees of the Arkansas Department of Corrections (ADC) in their official capacities.[1] We reverse and remand the case for further proceedings.

"We review de novo the district court's dismissal of a prisoner's claim under 28 U.S.C. § 1915A, 'accepting as true all of the factual allegations contained in the complaint and affording the plaintiff all reasonable inferences that can be drawn from those allegations.'" Jackson v. Nixon, 747 F.3d 537, 540–41 (8th Cir. 2014) (quoting Reynolds v. Dormire, 636 F.3d 976, 979 (8th Cir. 2011)). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Id. at 541 (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)) (modifications in original).

Liberally construing Starr's complaint, we find that he has sufficiently pleaded a claim under Title II of the ADA. See 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). State prisons and prisoners are included within the coverage of Title II. Pa. Dep't of Corr. v.

_____

[1]Starr's complaint also names employees of a medical contractor and brings claims under 42 U.S.C. § 1983, but on appeal, he challenges only the pre-service dismissal of the ADA claim against the ADC defendants in their official capacities. Starr's complaint named the ADC defendants in their individual capacities as well, but he does not present meaningful argument on appeal as to any individual-capacity claims under the ADA. See Montin v. Moore, 846 F.3d 289, 295 (8th Cir. 2017) (claims not raised in the opening brief are waived).

Yeskey, 524 U.S. 206, 209–10 (1998).  To state a claim under Title II, an inmate must allege that he is a qualified individual with a disability and that because of his disability, he was excluded from participation in or denied benefits of the prison's services, programs, or activities.  Rinehart v. Weitzell, 964 F.3d 684, 688 (8th Cir. 2020).

Starr alleges that ADC employees failed to accommodate his disability resulting from degenerative disc disease and diabetic nerve pain that left him unable to stand or walk, and he was therefore unable to access recreation and visitation opportunities and toilet and shower facilities.  These allegations are sufficient to state a claim under Title II.  We therefore reverse the order of the district court dismissing Starr's ADA claim against the ADC defendants in their official capacities and remand for further proceedings.

_____