# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1084

_____

Ernest Antoine Swinson

*Plaintiff - Appellant*

v.

IUE-CWA Local 86821, Union; Jessie Montgomery, IUE-CWA Local 86821
President/Safety Rep; Hubbell Power Systems, Sr. HR Rep.;
Laura Hagan, Assistant to the President; Kristen Thumore, Senior HR Rep.;
Lance Bergmann, Representative; Ed Gee, Plant Manager; David Brand, Vice
President; Frank Hancock, Executive Board Member; James Toggle, Executive
Board Member; Kenneth Price, Executive Board Member;
John Richards, Executive Board Member; Troy Garven, Executive Board
Member; Jamie Haines, Human Relations Manager

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: June 21, 2024
Filed: July 1, 2024
[Unpublished]

_____

Before GRUENDER, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Ernest Swinson appeals the district court's dismissal of his pro-se employment-related action against his labor union and various individuals. We affirm in part, reverse in part, and remand the case for further proceedings.

We conclude the district court did not err in dismissing most of Swinson's claims. *See Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000) (reviewing de novo a pre-service dismissal for failure to state a claim). Specifically, the district court properly dismissed Swinson's causes of action under Title VII against individual employees and union members. *See Spencer v. Ripley Cnty. State Bank*, 123 F.3d 690, 691 (8th Cir. 1997) (affirming dismissal of claims against an individual defendant because "individual employees are not personally liable under Title VII"). As against the union, the district court properly dismissed Swinson's claims asserting discrimination, a hostile work environment, and a related breach of fiduciary duty, as he failed to plausibly allege the union had a policy of rejecting disparate-treatment grievances or the union itself instigated or supported his employer's alleged discriminatory acts. *See Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 832 (8th Cir. 2002) (noting a union may be liable under Title VII for its own acts of discrimination or for an employer's conduct if a union causes the discrimination or has a policy of rejecting disparate-treatment grievances).

However, accepting as true Swinson's allegations that the union removed him from his position as Diversity Ambassador immediately after he complained of sexual harassment by a union official, *see Rinehart v. Weitzell*, 964 F.3d 684, 688 (8th Cir. 2020) (determining whether a complaint states facially plausible claim by accepting factual allegations as true and drawing all reasonable inferences in plaintiff's favor); we conclude Swinson plausibly stated a claim of retaliation, *see Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (plaintiffs alleging retaliation under 42 U.S.C. § 2000e-3 must show a materially adverse action, which must result

in some "injury or harm" that would "dissuade[] a reasonable worker from making or supporting a charge of discrimination"); *see also Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 373-74 (8th Cir. 2017) (ferreting out most likely reason for alleged retaliatory action is not appropriate at pleadings stage).

Accordingly, we grant Swinson leave to proceed in forma pauperis and deny the pending motion for stay, injunction, and damages; and we reverse the district court's dismissal of the retaliation claim against the union, affirm in all other respects, and remand the retaliation claim for further proceedings consistent with this opinion.

_____